*580 Chief Justice EISMANN,
concurring.
I concur in the majority opinion, but write to add the following.
One month prior to the sentencing hearing, the district judge stated in open court that he was unfamiliar with the restrictions that the United States Supreme Court had placed on victim impact evidence. Defense counsel referred him to Payne v. Tennessee, 501 U.S. 808, 111 S.Ct. 2597, 115 L.Ed.2d 720 (1991), and Booth v. Maryland, 482 U.S. 496, 107 S.Ct. 2529, 96 L.Ed.2d 440 (1987), in which the Supreme Court addressed the admissibility of such evidence. If the district judge read those opinions, he chose not to follow them. Apparently, he also did not attempt to inform himself of the case law on the subject from the federal courts of appeals. Had the district judge become informed of the applicable opinions of the federal courts and chosen to follow those opinions, we would have affirmed Payne’s conviction and sentence. Because of the judge’s failure to do so, the victims will have to go through the trauma of another sentencing hearing.